Marlin Ard
maratty66@gmail.com
LAW OFFICE OF MARLIN ARD
924 E COYOTE SPRINGS ROAD
SISTERS, OREGON 97759
T:  541-915-9170

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| MARLIN ARD | ) | CASE NO.    3:20-cv-02143 MO |
| Plaintiff | ) | |
| _____ | ) | |
| v. | ) | COMPLAINT |
| OREGON STATE BAR (public | ) | |
| corporation defined in ORS 9.010 (2), | ) | |
| COURTNEY DIPPLE | ) | |
| (OSB No. 022916), MERRY | ) | |
| ANN MOORE, an individual, ROB | ) | |
| CORRIGAN, an individual, and | ) | |
| DOES 1-100, | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| **DEMAND FOR JURY TRIAL** | ) | |

1    PLAINTIFF'S COMPLAINT
  Case No.  3:20-cv-02143

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

## I.

## INTRODUCTION AND FACTS COMMON TO ALL CLAIMS

1.  PLAINTIFF MARLIN ARD brings this action for vindication of his civil rights under the Fourteenth Amendment to the United States Constitution (hereinafter referred to as the Federal Due Process and Equal Protection Claim), Title VII of the 1964 Civil Rights Act (42 U.S.C. Sec 1981 and 42 U.S.C. Sec 1983, hereinafter referred to as Section 1983 Claim), and the Oregon Constitution Art. 1, Sec 20 (hereinafter referred to as the State Equal Privileges and Immunities Claim), and Oregon State Bar Rules, Title 4, Rules 4.1 *et seq.*

2.  From 2007 until February, 2012, Niklas Goertzen (Goertzen) was the girls' soccer coach for at Sisters High School, in Sisters School District No. 6.

3. In 2010 Goertzen was named League Coach of the Year, based on a vote of girls' soccer coaches and athletic directors from other schools in the League. In 2011 Goertzen again was voted League Coach of the Year and State Coach of the Year, based on votes from state girls' soccer coaches and athletic directors in the State of Oregon. Prior to his coaching career, Goertzen had attended and graduated from Oregon State University, where he competed as a Division 1 athlete running track.

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

4. Two parents, Merry Ann Moore and her then husband Rob Corrigan (DEFENDANTS MOORE and CORRIGAN, herein), were dissatisfied with the playing time accorded their daughter and complained to school officials and Sisters School District administrators, and urged that Goertzen be fired.  Soon thereafter, in February 2012, employer, Sisters School District No 6 and Sisters High School terminated Goertzen from his coaching position as the Girls' Sisters High School soccer team coach.

5.  At this time, PLAINTIFF ARD was licensed to practice law in the State of Oregon but only as a Pro Bono attorney as part of the Bar's Pro Bono Program. PLAINTIFF ARD then undertook to represent Goertzen on a Pro Bono basis regarding his unlawful termination, and continued to do so throughout the court proceedings that followed in Deschutes County Circuit Court and before the Oregon Court of Appeals.

6.  During this time, in 2011 and 2012, DEFENDANTS MOORE and CORRIGAN, who at the time were living together as husband and wife, actively campaigned school officials and, in particular, the school Principal Joe Hosang, to fire Goertzen, with an onslaught of emails and other means.  As a result, it is plaintiff's position that DEFENDANTS MOORE and CORRIGAN caused the

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

unlawful and wrongful termination of plaintiff from his coaching positions.

Below, are statements of DEFENDANT MOORE urging the use of a "survey" of

parents and players to evaluate whether Goertzen should be terminated:

"Please consider the input of current JV and past varsity girls soccer parents

*in you survey"*.

"Hi Joe, many thanks for your systematic approach to collecting feedback on

SSH coaches."

"Since my impression is that the survey is what will determine your decision

on the future of the girls' varsity soccer coach position, I urge you to make

sure you have all relevant opinions considered.  Thanks for considering my

views."

"I am writing to urge you to allow parents of both current JV players and

recent past players to complete the soccer coach survey.  Without this

feedback, your survey *results will not be complete or fair."*

7.  Despite having urged Goertzen's termination, in a subsequent legal

proceeding (14CV0061) DEFENDANTS MOORE offered a false declaration

saying:

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

2.  I had no part in the creation of a survey regarding the evaluation of

Niklas Goertzen.

3.  I was not consulted about the creation, adoption or use of a survey.

4.  I did not suggest that a survey be used, or any other evaluation

tool.

8.  DEFENDANT MOORE has an established record of offering false

statements under oath, and this must be considered in evaluating anything she

offers in this proceeding.

9.  After the Principal, Joe Hosang, fired Goertzen, he came to realize he had

been misled by DEFENDANTS MOORE and CORRIGAN and that he should not

have terminated Goertzen.  In an email to his supervisor, Superintendent Jim

Golden, Hosang said:

> " What's pressing on my shoulders are the accusations that Merry
>
> [Ann Moore] and Cheryl manipulated the parents.  Trying not to be
>
> defensive I do see this being a possibility as the survey did come from
>
> Cheryl and the people pushing for the survey were the soccer folks.
>
> While that was one piece of information, *it was a huge contributing*
>
> *factor for my decision this year.  Sure there's plenty of other info, but*

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

*if he had better evaluation I would've kept him for another year and*

*tried to work with him."*

10.  Since that time, Plaintiff Ard is informed and believes and thereon

alleges that DEFENDANTS MOORE and CORRIGAN have separated or divorced

and live today in separate households.

11.  In case No. 14CV0061, Deschutes County Circuit Court,

Goertzen complained of his unlawful termination, but initially was unsuccessful

and was assessed adverse judgements which, over time, resulted in judgments

(including statutory interest) totaling approximately in excess of $200,000.

12.  Goertzen appealed these judgments, but the initial appeals were denied.

As Goertzen began preparing his appeal to the Oregon Supreme Court, the Oregon

Court of Appeals ordered the matters into a Settlement Conference.  As a result, a

Mediation Agreement was approved by the parties, including DEFENDANTS

MOORE and CORRIGAN and DEFENDANT OREGON STATE BAR  wherein

cash payments of approximately $20,000 were paid by PLF and the referral agency

to DEFENDANTS MOORE and CORRIGAN (and others), while Goertzen was

permitted to vacate, and did cause to be vacated over $200,000 in adverse

judgments and interest.  Further, DEFENDANT OREGON STATE BAR  agreed

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

that it would take no further action against Plaintiff Ard as a result of the fact

underlying the Settlement, which are, in violation off the Settlement Agreement,

the facts that DEFENDANT OREGON STATE BAR has set forth in its unlawful

complaint against Plaintiff Ard.

13.   Notwithstanding the aforementioned Settlement Agreement, and in

direct violation off the aforementioned provision barring any further claims, the

Bar has instituted a complaint proceeding , Oregon Supreme Court Case No. 19-

93.

14.   In the aforementioned Mediation Agreement, the Bar, through its

counsel Gordon Wellborn, agreed that it would not assert and could not assert any

further claims against Plaintiff Ard (or his client, Mr. Goertzen) regarding any

claims, known  or unknown, related in any way to the events and facts set forth in

Deschutes County Circuit Court Case Nos. 12CV0950 or 14CV0061.  Included in

this release of claims are the claims the Bar seeks to assert in this Complaint

proceeding against Plaintiff Ard.


**JURISDICTION AND VENUE**

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

15.    The Court has jurisdiction over the subject matter of this complaint pursuant

to 28 USC Sec 1331.

16.    The Court has supplemental jurisdiction over plaintiff's state law claims

pursuant to 28 USC Sec 1367(a) because the federal and state claims arose from

the same common nucleus of operative facts and form part of the same case or

controversy.

17.    Venue is appropriate, pursuant to 28 USC Sec 1391(b) because the events

underlying plaintiff's claims took place within the United States District Court for

the District of Oregon, Portland Division.


## PARTIES

18.  **DEFENDANT OREGON STATE BAR** is a public corporation defined in

ORS 9.010 (2), authorized by law to admit and regulate persons as attorneys in the

State of Oregon.  Further, DEFENDANT OREGON STATE BAR also maintains a

program for Pro Bono attorneys and admits persons to the Pro Bono Bar under the

terms and conditions of that program.  Further, DEFENDANT OREGON STATE

BAR has adopted a code of ethics applicable to Oregon Attorneys (*see, e.g.,* Bar

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

Rule 4, *et seq*. DEFENDANT OREGON STATE BAR is located at  16037 SW

Upper Boones Ferry Road, Tigard, Oregon 97224.

19.  **DEFENDANT COURTNEY DIPPLE (DEFENDANT DIPPLE)** is an

attorney in Oregon, Bar No. 022916, who works for DEFENDANT OREGON

STATE BAR as disciplinary counsel charging and prosecuting Oregon attorneys

for alleged ethic violations. (*e.g.,* for alleged violations of Rule 4 noted above).

The address for her place of work is 16037 SW Upper Boones Ferry Road, Tigard,

Oregon 97224.


20.  **DEFENDANT MERRY ANN MOORE** is an individual who, to the best of

PLAINTIFF ARD's knowledge and belief,  resides at 6319 S.E. 45th Ave.,

Portland, Oregon 97206.

21.  **DEFENDANT ROB CORRIGAN** is an individual who, to the best of

PLAINTIFF ARD's knowledge and belief,  resides 173 E Black Crater Ave., in

Sisters, Oregon 97759.


### PLAINTIFF ARD's FIRST CLAIM FOR RELIEF AGAINST

### DEFENDANT OREGON STATE BAR  - A DELIBERATE AND

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

**<u>INTENTIONAL DENIAL OF  PLAINTIFF ARD'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW AS GUARANTEED  BY FEDERAL DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, TITLE VII OF THE 1964 CIVIL RIGHTS ACT (42 U.S.C. SEC 1981 AND 42 U.S.C. SEC 1983, HEREINAFTER REFERRED TO AS SECTION 1983 CLAIM), AND THE OREGON CONSTITUTION ART. 1, SEC 20 (HEREINAFTER REFERRED TO AS THE STATE EQUAL PRIVILEGES AND IMMUNITIES CLAIM), AND OREGON STATE BAR RULES, TITLE 4, RULES 4.1 *ET SEQ.*</u>**

22.  Plaintiff incorporates as if fully set forth herein all of the allegations set forth in this complaint.

23.  In taking the actions set forth herein, **<u>DEFENDANT OREGON STATE BAR</u>** represents to all attorneys and the public at large that it shall in all cases serve as a neutral arbiter when conducting trials, and in doing so it will not act out of bias or prejudice in favor of or against any person or entity who is a party to the trial.

10  PLAINTIFF'S COMPLAINT
   Case No.  3:20-cv-02143

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

24.    In the case herein, Oregon Supreme Court Case No. 19-93, **<u>DEFENDANT</u>**

**<u>OREGON STATE BAR</u>** acted with corrupt intent, conveying to PLAINTIFF

ARD that while it would purportedly act fairly and honestly, instead it specifically

intended at all times relevant herein to deny to PLAINTIFF ARD his rights to due

process and equal protection under the law as guaranteed  by federal due process

and equal protection clause of the 14th Amendment to the United States

Constitution, Title Vii of the 1964 Civil Rights Act (42 U.S.C. Sec 1981 and 42

U.S.C. Sec 1983, hereinafter referred to as section 1983 claim), and the Oregon

Constitution Art. 1, Sec 20 (hereinafter referred to as the state equal privileges and

immunities claim), and Oregon State Bar Rules, title 4, Rules 4.1 *et seq.*

In fact it commenced proceedings intending to proceed with ethics charges against

PLAINTIFF ARD without regard to the law and facts applicable to the case and

fully intending to find PLAINTIFF ARD guilty of the alleged ethic violations

regardless of what facts existed and regardless of what the prevailing law would

otherwise require.

25.  As a result of **<u>DEFENDANT OREGON STATE BAR</u>** actions as alleged

herein, PLAINTIFF ARD has been injured, in that he has suffered humiliation and

harm.  Additionally, the Bar's actions have intentionally and deliberately damaged

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

Plaintiff Ard's reputation.  As a result of the humiliation, harm and damage to

PLAINTIFF ARD's  reputation he seeks monetary damages in the amount of $1.5

million dollars.

## PLAINTIFF ARD's SECOND CLAIM FOR RELIEF AGAINST

## DEFENDANT OREGON STATE BAR

## FRAUD AND DECIET

26.  Plaintiff incorporates as if fully set forth herein all of the allegations set forth

in this complaint.

27.  By law, **DEFENDANT OREGON STATE BAR** is charged with the

responsibility of conducting trials in the case of allegations of ethics violations by

Oregon attorneys.  In performing this function, **DEFENDANT OREGON**

**STATE BAR :**

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

a.  Represents to all attorneys and the public at large that it shall in all cases serve as a neutral arbiter when conducting trials, and in doing so it will not act out of bias or prejudice in favor of or against any person or entity who is a party to the trial.

b.  In the case of my trial (hereinafter PLAINTIFF ARD TRIAL) acted with corrupt intent, conveying to PLAINTIFF ARD that while it would purportedly act fairly and honestly, in fact it commenced proceedings intending to proceed with ethics charges against PLAINTIFF ARD without regard to the law and facts applicable to the case and fully intending to find PLAINTIFF ARD guilty of the alleged ethic violations regardless of what facts existed and regardless of what the prevailing law would otherwise require.

c.  **<u>DEFENDANT OREGON STATE BAR</u>** knew at all times relevant herein that its representation of fairness was highly material, in that it knew PLAINTIFF ARD would proceed to trial not knowing that **<u>DEFENDANT OREGON STATE BAR</u>** had no intention of acting fairly and honestly, but, instead held an extreme bias prejudice against PLAINTIFF ARD and that it would act on this bias and prejudice to find him guilty of an allege ethics

13  PLAINTIFF'S COMPLAINT
    Case No.  3:20-cv-02143

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

violation regardless of what facts existed and regardless of what the

prevailing law would otherwise require.

d.  As alleged above in sub-paragraph "c.", **DEFENDANT OREGON**

**STATE BAR** knew at all times relevant herein that its representation to act

as a neutral arbiter was false.

e.  At all times relevant herein, **DEFENDANT OREGON STATE BAR**

intended that PLAINTIFF ARD and any all persons who would participate

in the proceeding would proceed to trial on the basis that the Bar would be

fair arbiter when instead the **DEFENDANT OREGON STATE BAR**

would proceed to trial to arrive at its predetermined outcome of guilt

regardless of what facts existed and regardless of what the prevailing law

would otherwise require.

f.  At all times relevant herein, PLAINTIFF ARD relied on **DEFENDANT**

**OREGON STATE BAR** false representation that the Bar would act fairly

and impartially in reviewing PLAINTIFF ARD's case,  and PLAINTIFF

ARD was justified in doing so.

g.  As a result of **DEFENDANT OREGON STATE BAR** false

assertion(s), as set forth herein, PLAINTIFF ARD has been injured, in that

14  PLAINTIFF'S COMPLAINT
   Case No.  3:20-cv-02143
                                                            Marlin Ard
                                                            924 E Coyote Springs Rd
                                                            Sisters, Oregon 97759
                                                            541-915-9170
                                                            maratty66@gmail.com

he has suffered humiliation and harm.  Additionally, the Bar's actions have intentionally and deliberately damaged Plaintiff Ard's reputation.  As a result of the humiliation, harm and damage to PLAINTIFF ARD's reputation he seeks monetary damages in the amount of $1.5 million dollars.

## PLAINTIFF ARD's THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS MOORE AND CORRIGAN – ASSERTION OF FALSE STATEMENT5 TO THE OREGON STATE BAR SO AS TO CAUSE THE BAR TO INITIATE A FALSE ETHICS CLAIM AGAINST PLAINTIFF ARD

24.  Plaintiff incorporates as if fully set forth herein all of the allegations set forth in this complaint.

25.  **DEFENDANTS MOORE AND CORRIGAN,** made false statements to the Bar so as to cause the Bar to initiate an ethics complaint against PLAINTIFF ARD, to wit:

a. **DEFENDANTS MOORE AND CORRIGAN** falsely claimed that PLAINTIFF ARD lacked any or sufficient facts and evidence to bring claims against Moore and Corrigan related to the firing of the Sisters High

15  PLAINTIFF'S COMPLAINT
Case No.  3:20-cv-02143

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

School Girls soccer coach, Nik Goertzen.  Further, that PLAINTIFF ARD

falsely certified that there was a legitimate basis for bringing a Motion to

Vacate an adverse judgment related to the Goertzen firing as well a

legitimate basis for seeking appeals to the Oregon Court of Appeals to seek

relief related to the Goertzen firing.

b.  PLAINTIFF ARD is informed and believes and alleges thereon that

**DEFENDANT OREGON STATE BAR** and **DEFENDANT DIPPLE** met

secretively with **DEFENDANTS MOORE AND CORRIGAN** to concoct

and fabricate a false story that would, unless challenged, serve as the basis

for a false ethics complaint against PLAINTIFF ARD.

c.  As a result of the actions described immediately above in sub-paragraphs

(a) and (b) the **DEFENDANT OREGON STATE BAR** and

**DEFENDANT DIPPLE** did in fact initiate such a false claim against

PLAINTIFF ARD, and the matter is now pending before the Oregon

Supreme Court as Disciplinary Case No. 93-19.

26.  As a result of **DEFENDANTS MOORE AND CORRIGAN** false

assertion(s), as set forth herein, PLAINTIFF ARD has been injured, in that he has

suffered humiliation and harm.  Additionally, the Bar's actions have intentionally

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

and deliberately damaged Plaintiff Ard's reputation.  As a result of the humiliation,

harm and damage to PLAINTIFF ARD's  reputation he seeks monetary damages

in the amount of $1.5 million dollars.

## PLAINTIFF ARD's FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS MOORE AND CORRIGAN, and DEFENDANT OREGON STATE BAR and DEFENDANT DIPPLE  – OBSTRUCTION OF JUSTICE

27.  Plaintiff incorporates as if fully set forth herein all of the allegations set forth

in this complaint.

28.  In taking the actions set forth herein, the above-named defendants

(**DEFENDANTS MOORE AND CORRIGAN, and DEFENDANT OREGON**

**STATE BAR and DEFENDANT DIPPLE)** acted to prevent fair and honest

review of Case No. 19-93, as set forth herein, and its doing so constituted

obstruction of justice, in further violation of Plaintiff Ard's right to due process

and equal protection under the law as guaranteed  by federal due process and equal

protection clause of the 14th amendment to the United States Constitution, Title VII

of the 1964 civil rights act (42 USC Sections 1981 and 1983, hereinafter referred to

as section 1983 claim), and the Oregon Constitution Art. 1, Sec 20 (hereinafter

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

referred to as the state equal privileges and immunities claim), and Oregon State

Bar Rules, Title 4, Rules 4.1 *et seq.*

29.  As a result of **<u>DEFENDANTS MOORE AND CORRIGAN</u>** and

**<u>DEFENDANT OREGON STATE BAR</u>** and **<u>DEFENDANT DIPPLE</u>**

obstruction of justice, as set forth herein, PLAINTIFF ARD has been injured, in

that he has suffered humiliation and harm.  Additionally, the Bar's actions have

intentionally and deliberately damaged Plaintiff Ard's reputation.  As a result of

the humiliation, harm and damage to PLAINTIFF ARD's  reputation he seeks

monetary damages in the amount of $1.5 million dollars.


WHEREFFORE, PLAINTIFF ARD respectfully asks that the Court:

1.  Assume jurisdiction over each of the claims set forth herein.

2.  Order Defendants, *and each of them individually*, to pay plaintiff an award of

compensatory damages for emotional injury, pain and suffering, mental anguish,

humiliation, embarrassment, and loss of enjoyment of life in an amount not less

than $1,500,000 dollars, or such further amounts proved at trial and awarded by the

jury.

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

3.  Order Defendants, and each of them, as permitted by law, to pay plaintiff an award of punitive damages.

5.  Award plaintiff, as permitted by law, his costs of suit and his reasonable attorney fees, costs, including expert witness fees, pursuant to 42 USC Sec 1988 and the Oregon Constitution, Article 1, Sec 20.

DATED:  this _____9th_____    day December, 2020.

/s/Marlin D Ard

Law Office of Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
Tele:  541-915-9170
Email:  maratty66@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I caused true and correct copies of the foregoing **COMPLAINT**

to be served on the defendants herein as follows:

___X__ By personal service on the defendants herein, listed below;

and by

19  PLAINTIFF'S COMPLAINT
   Case No.  3:20-cv-02143

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com

__X__ U.S. Mail, First Class, Postage Prepaid on the date set forth

below, and by email to the Bar's disciplinary counsel, Courtney

Dipple, at the email address shown below:

OREGON STATE BAR
Courtney C Dippel
Disciplinary Counsel's Office
16037 SW Upper Boones Ferry Road
PO Box 231935
Tigard, Oregon 97224
cdippel@osbar.org

OREGON STATE BAR
Disciplinary Board Clerk
16037 SW Upper Boones Ferry
Road
PO Box 231935
Tigard, Oregon 97224

ROBERT CORRIGAN
173 E Black Crater Ave.
Sisters, Oregon 9759

MERRY ANN MOORE
6319 SE 45TH AVE
Portland, Oregon 97206

OREGON STATE BAR
16037 SW Upper Boones Ferry Road
PO Box 231935
Tigard, Oregon 97224

DATED:  Dec 9, 2020

_____/s/_____MARLIN ARD_____

20  PLAINTIFF'S COMPLAINT
   Case No.  3:20-cv-02143

Marlin Ard
924 E Coyote Springs Rd
Sisters, Oregon 97759
541-915-9170
maratty66@gmail.com