IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARLIN ARD**, <br><br> Plaintiff, <br><br> v. <br><br> **OREGON STATE BAR, COURTNEY DIPPEL, MERRY ANN MOORE, and ROB CORRIGAN,** <br><br> Defendants. | Case No. 3:20-cv-2143-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendations in this case on May 18, 2021. ECF 25. Judge Russo recommended that this Court grant Defendants Merry Ann Moore and Rob Corrigan's Motion to Dismiss for failure to state a claim (ECF 3) with prejudice and Motion to Strike under Oregon's Anti-SLAPP statute (ECF 4), and also grant in part Defendants Oregon State Bar and Courtney Dippel's Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim (ECF16)[1] without prejudice.

---

[1] Based on the Ninth Circuit's decision in *Crowe v. Or. State Bar, et al.*, 989 F.3d 714 (9th Cir. 2021), OSB and Dippel withdrew their argument of sovereign immunity under the Eleventh Amendment. ECF 20.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff filed timely objections. ECF 27; ECF 28. Plaintiff did not object to any of the legal conclusions in Judge Russo's Findings and Recommendation. Instead, Plaintiff focused on reiterating the facts that he believes mitigate his liability and show Defendants' wrongdoing. But these facts are legally irrelevant to the bases for Judge Russo's Findings and Recommendation. Further, Plaintiff provided additional factual detail that underscores the propriety of granting the motion to dismiss—Plaintiff confirmed that his Oregon State Bar disciplinary appeal is continuing at the Oregon Supreme Court, a detail that was unknown to the Judge Russo when

she issued her recommendation that the Court decline to dismiss on the basis of *Younger* abstention. Defendants have responded to Plaintiff's objections. ECF 29.

The Court ADOPTS Judge Russo's Findings and Recommendation (ECF 25) and GRANTS Defendants Moore and Corrigan's Motion to Dismiss (ECF 3) with prejudice, GRANTS Defendants Moore and Corrigan's Motion to Strike (ECF 4), and GRANTS IN PART Defendants OSB and Dippel's Motion to Dismiss (ECF 16) without prejudice for failure to state a claim.

Plaintiff's claims against Defendants Moore and Corrigan are dismissed with prejudice, and Plaintiff's claims against Defendants OSB and Dippel are dismissed without prejudice. Any motion for attorney fees associated with Moore and Corrigan's anti-SLAPP motion shall be filed within 14 days from the date of this Order. *See* Or. Rev. Stat. § 31.152(3) ("A defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs."). Any Motion to Amend the Complaint must conform with the Findings and Recommendation and with Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure and be filed within 30 days from the date of this Order.

**IT IS SO ORDERED.**

DATED this 21st day of June, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge